

# THE ATTORNEY GENERAL
# OF TEXAS

June 17, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Robert E. (Bobby) Bell     Opinion No. JM-722
Criminal District Attorney
115 W. Main     Re: Whether Jackson County is
Edna, Texas   77957     required to provide services under
the Indigent Health Care Act where
the county is encompassed within a
hospital district

Dear Mr. Bell:

You ask whether Jackson County is liable under the Indigent Health Care and Treatment Act for health care services for indigent residents of that county. We conclude that the county is not liable for either inpatient or outpatient health and medical services.

The Jackson County Hospital District is created under authority of article IX, section 9, of the Texas Constitution, by chapter 275, 66th Legislature, 1979, which is known as the Jackson County Hospital District Act. See V.T.C.S. art. 4494q. The district includes all of Jackson County. Hence, all indigent residents of the county are residents of the hospital district.

Section 9, of article IX, of the Texas Constitution provides in part that:

> The Legislature may by law provide for the creation, establishment, maintenance and operation of hospital districts . . . <u>providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants</u> . . . <u>providing that after its creation no other</u> municipality or <u>political subdivision shall have the power to levy taxes</u> or issue bonds or other obligations for hospital purposes or <u>for providing medical care within the boundaries of the district.</u> . . . (Emphasis added).

The Jackson County Hospital District Act provides in part that:

> Sec. 16. Whenever a patient residing within the district is admitted to the facilities of the

district, the administrator for the hospital to which the patient is admitted may have an inquiry made as to his or her circumstances and those of the relatives of the patient legally liable for his or her support. . . . If the administrator finds that the patient or his or her relatives are not able to pay either in whole or in part for care and treatment in the hospital, they shall become a charge on the hospital district as to the amount of the inability to pay. . . .

. . . .

Sec. 20. . . . The board shall provide for the administration, maintenance, and operation of both hospitals transferred to the district on its creation so as to furnish adequate hospital and medical care within the district and to ensure that each hospital is provided with sufficient funds, personnel, and equipment to the end that residents of the district have access to quality and competent health facilities; <u>and no other municipality or political subdivision may levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district. The district shall assume full responsibility for providing medical and hospital care for its needy inhabitants.</u> (Emphasis added).

Acts 1979, 66th Leg., ch. 275, at 595-98.

When a hospital district is created for the county pursuant to article IX, section 9, of the Texas Constitution, the county constitutionally does not have the power to levy or use taxes to provide for medical services for indigent residents of the hospital district, as such power and obligation rests exclusively on the hospital district. Attorney General Opinion C-646 (1966). See also Attorney General Opinion Nos. M-870 (1971); C-334 (1964).

The provisions of the Indigent Health Care and Treatment Act, article 4438f, V.T.C.S., are consistent with, and adopt by reference, the provisions of both article IX, section 9, of the Texas Constitution and the Jackson County Hospital District Act. Title 2 of the Indigent Health Care Act specifies the responsibility of a county for health care assistance to the county's eligible residents who do not reside in an area served by a public hospital or hospital district. Secs. 2.01, 2.02(a), 3.01, 4.01. Since all of Jackson County is served by the hospital district, the provisions of Title 2 fixing

liability of a county for indigent health care have no application to Jackson County.

Title 3 of the act applies to and determines liability for health care for persons who reside in an area served by a public hospital or hospital district.  Sec. 10.01(a).  We note that, under the Indigent Health Care Act, a hospital district is not a "governmental entity." Sec. 1.02(6).  Hence, a facility of a hospital district is not a "public hospital" within the meaning of that act and the provisions of the act that apply to "public hospitals" are not applicable to hospital districts.

Section 11.02 of Title 3 provides that "[a] hospital district shall provide the health care services required under the Texas Constitution and the statute creating the district."  Section 12.01(b) states that "[a] hospital district is liable for health care services as provided by the Texas Constitution and the statute creating the district."

The Indigent Health Care Act does not alter, or attempt to alter, the responsibility of a hospital district for all health care required by article IX, section 9, of the Texas Constitution and the Jackson County Hospital District Act.  It is not an attempt by statute to make Jackson County liable for inpatient or outpatient health and medical services for indigent residents of that county.

## SUMMARY

In a county in which a hospital district encompasses the entire county, the county is not liable for health care services to indigent residents of the county under any of the provisions of the Indigent Health Care and Treatment Act. Instead, the act specifies that, for indigent persons who reside within a hospital district, the hospital district is liable for health care services as provided by the Texas Constitution and the statute creating the hospital district.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

p. 3363

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General